IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52129-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JACOB C. EVANS, | |
| Appellant. | |

GLASGOW, J. — Jacob Evans appeals the sentencing court's imposition of the criminal filing fee under RCW 36.18.020(2)(h) as a legal financial obligation on his judgment and sentence. The State concedes that the sentencing court found Evans to be indigent and that the filing fee should be stricken, as well as any interest on any nonrestitution financial obligations. We accept the State's concession and remand to the sentencing court to strike the criminal filing fee and interest accrual on any nonrestitution obligations.

In 2018, Jacob Evans was convicted of nine counts of second degree identity theft and nine counts of forgery after cashing a series of stolen and falsified checks. As part of Evans's sentence, the sentencing court imposed restitution, a crime victim penalty assessment, and a criminal filing fee. The judgment and sentence also includes an interest accrual provision. The court also entered an order of indigency. Evans then appealed the imposition of the criminal filing fee.

Evans argues, and the State concedes, that the sentencing court erred by ordering Evans to pay the criminal filing fee because he is indigent. RCW 36.18.030 prohibits courts from imposing the criminal filing fee on indigent defendants. RCW 36.18.020(2)(h); *State v. Catling*, 193 Wn.2d 252, 258, 438 P.3d 1174 (2019). This prohibition became effective in June 2018, before Evans

was sentenced in July 2018. *State v. Ramirez*, 191 Wn.2d 732, 738, 426 P.3d 714 (2018) (noting that the effective date of relevant amendments to certain legal financial obligation statutes became effective on June 7, 2018). The State also concedes that the trial court should strike interest accrual on nonrestitution financial obligations.

We accept the State's concessions and remand to the sentencing court to strike the criminal filing fee and interest accrual on any nonrestitution obligations.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, J.

Maxa, C.J.